THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KIM DARLENE SANDERS ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> S&W AUTOMOTIVE PARTS, INC. ) <br> Defendant. ) <br> _____ ) <br> ) <br> ) | Civil Action No. <br><br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Kim Darlene Sanders ("Plaintiff"), through undersigned counsel, and files this lawsuit against S&W Automotive Parts, Inc. ("Defendant"), and for her Complaint shows the following:

### I.     Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorneys' fees and costs for Defendant's failure to pay federally mandated minimum wage and overtime to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA").

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant is a Georgia corporation and resides in this district. Defendant does business in and are engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

### III. Parties and Facts

5.

S&W Automotive Parts, Inc., is a Georgia Corporation that resides in this district, does business, and is engaged in commerce within the State of Georgia.

6.

S&W Automotive Parts, Inc., is now and, at all times relevant hereto has been a domestic corporation engaged in an industry affecting commerce.

7.

Defendant may be served by delivering a copy of the summons and complaint to its principal place of business located at 6770 Chapman Rd. Lithonia, GA 30058.

8.

Plaintiff began working at Defendant in May 2018 as a Transporter / Bookkeeper.

9.

Plaintiff would regularly work at least two twelve (12) hour days each week. This would be comprised on Plaintiff picking up materials, supplies, and inventory in Alabama, then transporting these materials to Defendant in Atlanta.

10.

Plaintiff was also responsible for loading and unloading these materials to and from its pick up place its final destination.

11.

Defendant controlled what loads Plaintiff needed to pick up and deliver, how many loads, as well as when and where these loads would be picked up or delivered.

12.

When Plaintiff was not transporting loads on behalf of Defendant, she would complete invoices, recruit new customers, and maintain customer satisfaction of existing customers.

13.

In July 2019, Plaintiff first complained to Dustin Sieg, her then direct supervisor, about not compensated for the work she completed for Defendant. Nothing came of the discussion.

14.

In December 2019, Plaintiff again complained to Mr. Sieg for not being compensated for the work she completed for Defendant.

15.

Mr. Sieg responded by telling Plaintiff that he needed to go over the yearly financials to see what position Defendant was in to compensate Plaintiff for the work she completed at Defendant. Plaintiff never heard anything else from Mr. Sieg regarding compensation.

16.

In March 2020, Mr. Sieg asked Plaintiff to take pictures for a flyer Defendant was making for their Alabama sales market.

17.

This included efforts for Defendant to put an ad in the monthly Alabama buy/sell bulletin for Defendant to familiarize themselves with those working on the Alabama team which included Plaintiff.

18.

Around this time, Mr. Sieg again assured Plaintiff that he was working on compensation for Plaintiff for the work she completed at Defendant. Plaintiff never heard anything else from Mr. Sieg regarding compensation.

19.

In December 2020, Plaintiff once again complained to Mr. Seig about Defendant's failure to compensate her for the work she completed at Defendant. Mr. Sieg once again stated he needed to look over Defendant's financials and would follow up with Plaintiff. Plaintiff never heard anything else from Mr. Sieg regarding compensation.

20.

In March 2021, Plaintiff again complained to Mr. Sieg about Defendant's failure to compensate Plaintiff for work completed at Defendant. She also stressed that she could not continue doing work for Defendant without receiving a paycheck, as she had begun struggling financially as a result.

21.

Mr. Sieg then asked Plaintiff to calculate an estimate of how much Defendant owed Plaintiff for the work she completed for them. Plaintiff adhered to this request and provided her estimates of lost back pay to Mr. Sieg. However, nothing changed and Plaintiff was still not being compensated.

22.

A few weeks later, Mr. Sieg told Plaintiff that she was already getting paid through her husband, who had also performed work for Defendant. Plaintiff explained that this was not true as the work Plaintiff completed for Defendant was independent from the work performed by her husband and she should be compensated separately.

23.

In December 2021, following a very strong year for Defendant in sales and profit, Plaintiff again complained to Dustin Sieg about not being compensated for work completed at Defendant.

24.

Dustin Sieg responded by telling Plaintiff that she would need to speak with Rick Sieg, owner of Defendant, to crunch numbers. Plaintiff never heard anything else from Mr. Sieg regarding compensation.

25.

Plaintiff continued working at Defendant until in or around June 2022, before voluntarily resigning due to lack of pay.

26.

Plaintiff was never compensated for any work she completed for Defendant.

27.

Plaintiff also worked some overtime while working for Defendant but was never compensated.

28.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

29.

Throughout her employment at Defendant, Plaintiff has been entitled to minimum wage and overtime compensation for all hours worked in excess of 40 hours in a workweek.

30.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

31.

Defendant permitted Plaintiff to regularly work on its behalf without being compensated minimum wage, as well as in excess of 40 hours for certain workweeks without receiving overtime compensation.

32.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

33.

Throughout Plaintiff's employment, Plaintiff's job duties and the performance thereof, along with her hours worked were controlled by Defendant.

34.

Throughout her employment with Defendant, Plaintiff was economically dependent on Defendant.

35.

Plaintiff has been individually covered under the FLSA by virtue of the nature of the work she performed.

## Count I

## Violation of Minimum and Overtime Wage Requirement of the Fair Labor Standards Act

36.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

37.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay minimum wage and overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

38.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees minimum wage for all hours worked as well as one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

39.

Defendant knew or had reason to know Plaintiff regularly worked for Defendant and oftentimes over 40 hours in a workweek without overtime compensation.

40.

Defendant's actions, policies and/or practices as described above violate the FLSA's minimum wage and overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required minimum wage and overtime rate.

41.

Defendant knew or showed reckless disregard for the fact that Defendant failed to pay Plaintiff minimum wage and overtime compensation in violation of the FLSA.

42.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all issues of fact;

(B)  Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA;

(D)  Grant Plaintiff leave to add additional state law claims if necessary; and;

(E)  Award Plaintiff such further and additional relief as may be just and appropriate.

Dated this 20th day of October, 2022.

        Respectfully submitted,

        /s/ Jeremy Stephens
        Jeremy Stephens, Esq.
        Ga. Bar No.: 702063
        **MORGAN & MORGAN, P.A.**
        191 Peachtree Street, N.E., Suite 4200
        Post Office Box 57007
        Atlanta, Georgia 30343-1007
        Tel:   (404) 965-1682
        E-mail: jstephens@forthepeople.com

        ***Attorney for Plaintiff***